UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANGELA DAREZZO,

      Plaintiff,      Case No. 15CV4939

-against-           COMPLAINT

27-39 EAST 30 REST CORP d/b/a CROOKED KNIFE and
NOMAD LAND COMPANY LLC,

      Defendants.

---

  Plaintiff, ANGELA DAREZZO (hereinafter "Plaintiff"), through her undersigned counsel, hereby files this Complaint and alleges, as follows:

## INTRODUCTION

  1. This is a civil action to redress discrimination on the basis of disability in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. ("ADA"), and its implementing regulation, 28 C.P.R. Part 36. Plaintiff also sets forth claims for unlawful discrimination under the New York State Executive Law (the "Executive Law") § 296, New York State Civil Rights Law, § 40, and the Administrative Code of the City New York (the "Administrative Code"), § 8-107.

  2. On July 26, 1990, Congress enacted the ADA, 42 U.S.C. § 12101 et seq., the most important civil rights law for persons with disabilities in our country's history.

  3. The Congressional statutory findings include:

  (a) Some 49,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

  (b) Historically, society has isolated and segregated individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(c) Discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communications, recreation, institutionalization, health services, voting, and access to public services.

(d) Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities.

(e) The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society justifiably is famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non- productivity. 42 U.S.C. § 12101 (a)(l)-(3), (5) and (9).

4. Congress explicitly stated that the purpose of the ADA was:

(a) To provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(b) To provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(c) To invoke the sweep of Congressional authority, including the power to enforce the Fourteenth Amendment and to regulate commerce, in order to address the

major areas of discrimination faced day-to-day by people with disabilities 42 U.S.C. § 12101 (b)(l)(2) and (4).

5. Congress provided commercial businesses 1 1/2 years to implement the requirements imposed by the ADA. The effective date for ADA Title III {ADA § 12181 et seq.), was January 26, 1992.

## PARTIES

6. Plaintiff is a resident of the County, City and State of New York and qualifies as an individual with disabilities as defined by the ADA (and the New York State laws relevant to this action) as she has muscular dystrophy and is confined to a wheelchair for mobility.

7. Defendant 27-39 EAST 30 REST CORP is a New York corporation. Upon information and belief, 27-39 EAST 30 REST CORP operates a restaurant known as the Crooked Knife, located at 29 East 30th Street, New York, New York. The Crooked Knife is a "place of public accommodation" within the meaning of Title III of the ADA because its operations affect commerce and, among other things, it is "a restaurant, bar or other establishment serving food or drink." 42 U.S.C. § 12181(7)(B); see 28 C.F.R. § 36.104.

8. Defendant NOMAD LAND COMPANY LLC is a New York limited liability Company. Upon information and belief, the LLC owns the building in which the Crooked Knife is located and is therefore a necessary party pursuant to Federal Rule of Civil Procedure 19 for purposes of equitable relief.

## JURIDICTION and VENUE

9. This Court has jurisdiction over the ADA claims pursuant to 28 U.S.C. §§ 1331 and 1343, and pursuant to 28 U.S.C. § 1367(a), and the Court has supplemental jurisdiction over Plaintiff's claims brought under the laws of the State of New York.

10. Venue lies in this District pursuant to 28 U.S.C. § 1391(b). The acts of

discrimination alleged in this complaint occurred in this District, and the public accommodation which is the subject of this action is situated in this District.

## STATEMENT OF FACTS

11.     Defendants are required to remove architectural barriers to the physically disabled when such removal is readily achievable for a place of public accommodation that has existed prior to January 26, 1992, 28 CFR § 36.304(a). In the alternative, if there has been an alteration to defendants' place of public accommodation since January 26,1992, then the Defendant is required to ensure, to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally if the defendant' ' facility is one which was designed and constructed for first occupancy subsequent to January 26,1993 as defined in 28 CFR 36.401 then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

12.     Plaintiff resides at 332 E. 29th Street in Manhattan and regularly patronizes establishments in the area where the Crooked Knife is located. She last attempted to gain entry to the property which forms the basis of this lawsuit on June 8, 2015.

13.     Plaintiff will continue to visit the Crooked Knife and will attempt to enjoy the goods and services provided.   The barriers to access at the Crooked Knife have effectively denied or diminished Plaintiff's ability to visit the property and have caused embarrassment and frustration to the Plaintiff.

14.     Defendants have discriminated against the Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. 12181, et seq., and 28 CFR 36.302, et seq., as described below.

4

15. On September 25, 2010, the Department of Justice published amended rules under the ADA which set out guidelines for accessibility for buildings and facilities (hereinafter, the "2010 Standards"). Those guidelines are to be applied during design, construction and alteration of buildings and facilities to the extent required by regulations issued by Federal Agencies relating to nondiscrimination on the basis of disability by public accommodations and in commercial facilities.

16. Records of the NYC Department of Buildings indicate that several applications for substantial alteration work have been filed for the Crooked Knofe since the enactment of the ADA, the precise scope and nature being currently unknown.

17. There are various violations of the ADA at the Crooked Knife, as more fully detailed below (sections listed as violated refer to the 2010 Standards, unless otherwise noted) and which have been reviewed with the Plaintiff:

The Crooked Knife is located between Park Avenue South and Madison Avenue. In summer, there are tables outside on the sidewalk. The entrance consists of a single door which opens outward towards the street and is situated within a recess and a single step in front of the door. There is a vestibule upon entry.

**The entrance presents the following violations:**

a) The lack of an 18 inch clearance on the pull side of the entry doors violates 404.2.4

b) Violates 206.2.4 and 206.2.5 by failing to provide an accessible route from the sidewalk to the seating areas of the restaurant.

c) Violates 206.4 by failing to provide an accessible route at the entrance. The step at the entrance violates 403 (which provides guidelines for an accessible route).

d) Violates 404.1, which requires doors on an accessible route to

5

        comply with 404.

e)      Violates 207.1 by failing to provide an accessible means of egress.

f)      Violates 505.2 and 505.10 by failing to provide handrails on both sides of the stair which extend beyond at top and bottom.

g)      Violates 302 and 403.3 and 303.4, which require rises over ½ inch to be ramped and to comply with 405 and 406.

h)      Violates 404.2.4 by failing to provide at least a 60 inch maneuvering clearance at the entry door and further violates 305.2, which prohibit changes in level within the maneuvering clearance and clear floor space.

i)      The space between the outside door and vestibule door violates 404.2.6, which requires 48 inches clearance between the doors, when open.

j)      The entry door handles violate 404.2.7, which requires door handles to comply with 309.4, which prohibits hardware which requires tight squeezing.

k)      Fails to comply with the requirements of 201, which requires compliance with these rules by all altered portions of existing facilities.

The interior contains bar, booth and table seating, both in the bar area and in the dining area.

**The restaurant interior presents the following violations:**

l)      Violates 202.4 by failing to make paths of travel to the altered primary function areas, and the toilet rooms serving them.

m)      The step at the door prevents them from providing an accessible route to all dining areas, in violation of 206.2.5

n)      Violates 226.1 and 226.2, which requires 5% of the provided seating to be accessible to people in wheelchairs and dispersed throughout the facility. The

        lack of bar seating is the source of this violation.

o)     The bar violates 306.2 and 306.3, 902.1, 902.2 and 902.3 relating to knee and toe clearance beneath the tables

Near the back of the bar room, is a hall with two bathrooms. The bathroom doors open into the bathroom, with no door knobs.

**The toilet rooms presents the following violations:**

p)     No toilet compartment complies with 604.2 through 604.8, as required by 604.1.

q)     No signage is present which directs disabled patrons to the nearest accessible toilet, in violation of 216.8.

r)     There are no grab bars provided at any toilet which comply with 604.5 and 609.

s)     Violates 213.1 by failing to provide an accessible bathroom and failing to provide a stall compliant with 604.8.1 and 604.8.1.1.

t)     Violates 213.2 by failing to comply with 603.

u)     The mirror is at an improper height, in violation of 217.3.

v)     The lack of turning space within the room violates 603.2.1.

w)     The doors swinging into the clear floor space at the sink and toilet, and turning space in the room, violates 603.2.3.

x)     Violates 404.2.7 and 309.4 by failing to provide compliant door hardware on the stalls, on both sides of the doors.

y)     Violates 604.3 by failing to provide 60 inches clearance on the side of the toilet which allows a person in a wheelchair to make a side transfer.

z)     The lack of grab rails, and placement of the toilet over 18 inches from the wall, violates 604.2 and 604.5, and will not allow a person in a wheelchair to maneuver independently to the toilet.

aa)  The sinks fail to comply with 606 and 606.3 and 606.5 due to the height and unwrapped pipes.

bb)  The compartment doors violate 604.8.1.2, which requires compliance with 404 (32 inch minimum), easily grasped locks, 42 inch clearance and a door pull on both sides of the door

cc)  Violates 213.1 and 213.3, which require toilet facilities and fixtures and accessories to comply with 213.

**The outdoor seating area presents the following violation:**

dd)  Violates 306.2, 306.3, 902.1, 902.2 and 902.3 by failing to provide accessible seating.

18.  There may be additional violations which will be revealed through further inspection of the subject property.

### FIRST CLAIM FOR RELIEF

(Americans with Disabilities Act)

19.  Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint as if fully set forth herein.

20.  Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

21.  Defendants have discriminated against Plaintiff on the basis of disability. Defendants' discriminatory conduct includes but is not limited to:

a.  Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

    b.    Provision goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;

    c.    Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations of the subject property to individuals with disabilities;

    d.    Failing to design and/or construct the subject property so that it is readily accessible to and usable by individuals with disabilities;

    e.    Failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the restaurants are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs;

    f.    Failing to make alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms serving the altered area, are readily accessible to and usable by individuals with disabilities; and/or

    g.    Failing to remove barriers to individuals with disabilities where it would be readily achievable to do so.

22.     Defendants could have removed some of the illegal barriers at the Crooked Knife by i) ramping, with railings, the step at the entrance; ii) purchasing ADA complaint tables and dispersing them so that 5% of each area the restaurant has accessible seating; and iii) constructing larger toilet rooms.

23.     In the alternative, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

24.     Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12188(b)(l)(B)(i), (b)(2)(A)(iv), and 28 C.F.R. § 503(a).

25. Defendants have and continue to discriminate against Plaintiff in violation of the ADA by maintaining and/or creating an inaccessible place of public accommodation.

26. Defendants' violations of the ADA have harmed and will continue to harm Plaintiff in the future.

## SECOND CLAIM FOR RELIEF

(Violation of New York State Executive Law)

27. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

28. The Defendants have, and continue, to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because she is disabled.

29. By failing to comply with the law in effect for decades, the Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome and not desired as patrons of their place of public accommodation.

30. The Defendants have discriminated against Plaintiff in violation of New York State Executive Law § 296(2), by maintaining and/or creating an inaccessible place of public accommodation.

31. The Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law § 296(2)(c)(iii).

32. It would not impose an undue hardship or undue burden on the Defendants to make their place of public accommodation fully accessible.

33. As a direct and proximate result of the Defendants' unlawful discrimination, in violation of New York State Executive Law, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

34. Plaintiff has suffered damages in the amount of at least $2,000.00 (TWO THOUSAND DOLLARS) and the total amount shall be determined at trial before a jury.

### THIRD CLAIM FOR RELIEF

(Violation of the Administrative Code of the City of New York)

35. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

36. The Defendants have, and continue, to subject Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation, all because of disability, in violation of Administrative Code § 8-107(4).

37. The Defendants have discriminated against Plaintiff in violation of Administrative Code of the City of New York, § 8-107(4), and Local Law 58 by maintaining and/or creating an inaccessible place of public accommodation.

38. The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 58, clarified the scope of the Administrative Code in relation to the New York City's Human Rights Law. The Restoration Act confirmed the legislative intent to abolish "parallelism" between the Administrative Code and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130 (emphasis added).

39. The Administrative Code is to be construed broadly in favor of Plaintiff to the fullest extent possible. Albunio v. City of New York, 2011 NY Slip Op 02480 (N.Y. Court of Appeals, March 31, 2011).

40. As a direct and proximate result of the Defendants' unlawful discrimination, in violation of Administrative Code of the City of New York, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, embarrassment, and anxiety.

41. The Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the Administrative Code.

42. By failing to comply with the law in effect for decades, the Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome and not desired as patrons of their place of public accommodation.

43. The Defendants' unlawful discriminatory conduct constitutes malicious, willful and wanton violations of the Administrative Code for which Plaintiff is entitled to an award of punitive damages. Administrative Code § 8-502.

44. By refusing to make the place of public accommodation accessible, the Defendants have unlawfully profited from their discriminatory conduct by receiving revenues from unlawful space and then pocketing monies they should have lawfully used to make the place of public accommodation fully accessible. The unlawful profits plus interest must be disgorged.

45. Plaintiff has suffered damages in the amount of at least $2,000.00 (TWO THOUSAND DOLLARS) and the total amount shall be determined at trial before a jury.

### FOURTH CLAIM FOR RELIEF

(Violations of New York State Civil Rights Laws)

46. Plaintiff realleges and incorporates by this reference all allegations set in this Complaint as if fully set forth herein.

47. The Defendants have discriminated against plaintiff pursuant to New York State Executive Law.

48. Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil Rights Law §§ 40-c and 40-d, in the amount of $500 for each and every barrier and violation.

49. Notice of the Defendants' violations and this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## INJUNCTIVE RELIEF

50. Plaintiff will continue to experience unlawful discrimination as a result of the Defendants' failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order the Defendants to alter and modify their place of public accommodation and their policies, practices and procedures.

51. Injunctive relief is also necessary to make the Crooked Knife readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws, in part, by compelling Defendants to ramp the front entry

## DECLARATORY RELIEF

52. Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by the Defendants against Plaintiff as to the policies, practices, procedures, facilities, goods and services.

## ATTORNEY'S FEES, EXPENSES AND COSTS

53. In order to enforce Plaintiff's rights against the Defendants, Plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, in favor of Plaintiff, containing the following relief:

A. Enter declaratory judgment declaring that the Defendants have violated the ADA and implementing regulations, Executive Law and Administrative Code and declaring the rights of Plaintiff as to the Defendants' place of public accommodation, and its policies, practices and procedures

B. Issue a permanent injunction ordering the Defendants to remove all violations of the ADA, Executive Law and Administrative Code, including but limited to the violations set forth above;

C. Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D. Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiff as compensatory damages, plus pre-judgment interest, as a result of the Defendants' violations of the New York State Executive Law and the Administrative Code of the City of New York;

E. Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiff as punitive damages in order to punish and deter the Defendants for their violations of the Administrative Code of the City of New York;

F. Award Plaintiff $500.00 (FIVE HUNDRED DOLLARS) for each and every barrier and violation of the law pursuant to New York State Civil Rights Law§§ 40-c and 40-d;

G. Pursuant to New York State Civil Rights Law § 40-d, find the Defendants guilty of a class A misdemeanor for violating New York State Civil Rights Law;

H. Award reasonable attorneys' fees, costs and expenses pursuant to the Administrative Code;

I.  Find that Plaintiff is a prevailing party in this litigation and award reasonable attorney fees, costs and expenses pursuant to the ADA; and

J.  For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: June 19, 2015

_____
Donald J. Weiss, Esq. (7619)
Rosengarten & Weiss
Attorneys for Plaintiff
363 Seventh Avenue
New York, New York 10001
(212) 533-2606