UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

ANGELA DAREZZO,

                              Plaintiff,                              Case No. 15CV4939

            -against-                                        CONSENT STIPULATION

27-39 EAST 30 REST CORP. d/b/a CROOKED KNIFE and
NOMAD LAND COMPANY LLC,

                              Defendants.

_____

**WHEREAS,** Plaintiff ANGELA DAREZZO ("Plaintiff") filed a complaint in the above-caption action against Defendant 27-39 EAST 30 REST CORP d/b/a CROOKED KNIFE and (the "Restaurant") and Defendant NOMAD LAND COMPANY LLC ("Landlord": collectively "Defendants"), alleging *inter alia,* certain purported violations of the Americans with Disabilities Act, 42 U.S.C 12181, and related claims arising under New York State Executive Law, the New York City Human Rights Law, and the New York Civil Rights Law, and seeking certain forms of relief thereunder (the "Action"); and

**WHEREAS,** the claims alleged herein by Plaintiff arise in connection with the property located at 29 East 30th Street, New York, New York (the "Property"); and

**WHEREAS,** Defendants have denied all allegations that they have violated any laws, statutes, rules, regulations or ordinances; and

**WHEREAS,** the parties desire to settle all claims alleged herein, without an admission of liability, on the terms and conditions set forth herein; it is therefore

**STIPULATED, CONSENTED AND AGREED,** that this action shall be settled as follows:

1.      Remedial Measures.

Defendants hereby agree to undertake the following remedial actions at the Property, which shall be at the Restaurant's sole cost and expense:

a)      Install a permanent ramp and automatic door opener at the entrance to the Restaurant which would allow Plaintiff and other wheelchair bound patrons to enter the Restaurant. Said ramp will be compliant, to the extent possible, with the accessibility requirements set forth in the ADA. The installation of the said ramp shall be completed within six months of the complete execution date of this Stipulation (the "Start Date"). The time period for the installation of said ramp shall be subject to events beyond the control of Defendants, such as delay in obtaining approved building or zoning permits (application for which shall be filed no later than 30 days from the Start Date), failure of the city/county or other government inspectors to make inspections, contractor defaults, work stoppages or slow downs due to labor-related disputes or severe weather conditions (*e.g.*, snow storms and hurricanes), acts of God, *force majeure*, acts of war or terrorism, and the like. In the event of such unforeseen circumstances, it is agreed that upon a showing of diligent efforts to comply with the terms of this Stipulation, the Restaurant may request from Plaintiff's counsel an extension of time to complete the said installation, which consent shall not be unreasonably withheld. Landlord shall have no obligation to make any payment required pursuant to the terms of this agreement, or to incur any expense for any of the required alterations or remediation to remove barriers, and the Restaurant shall have the sole cost and obligation with respect to any payment or alterations or barrier remediation required by the terms of this Agreement. Defendants have entered into an indemnity agreement, annexed hereto as Exhibit A.

2

b)    Remediate the barriers in the interior of the Restaurant to the extent set forth, and in conformity with, the report of Dominic Marinelli of The United Spinal Association, dated January 19, 2016, annexed hereto as Exhibit C and incorporated by reference herein.

2.    Settlement Amount.

The Parties agree that monetary compensation shall be paid in resolution of all claims asserted in this action, pursuant to a separate and confidential letter dated as of the date of this Stipulation and signed by counsel for Defendants as authorized representatives of their respective clients (collectively the "Settlement Payment").

3.    Release.

In consideration of the Defendants' obligations under this Stipulation, the Plaintiff on behalf of herself, her heirs, executors, beneficiaries, trustees, administrators, representatives, successors and assigns ("Releasor") hereby remises, releases, acquits, satisfies, and discharges Defendants, Stanford Realty Associates, Inc., Dermot Burke and Patrick McKnight, their parents, subsidiaries and affiliates, and their current and/or former officers, directors, members, shareholders, employees, attorneys,  trustees, administrators, representatives, successors and assigns ("Releasees") from all actions, causes of action, suits,  debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, equity, or admiralty, which the Releasor ever had, now has or hereafter can, shall or may have against the Releasees from the beginning of the world up to the date of this Stipulation with respect to all claims made, or which could have been made, in the  Action.

3

Consent Stipulation 4/20/16 Execution Copy

4.      Withdrawal of Action.

Upon execution of this Stipulation, the Parties shall withdraw with prejudice all claims

in this action by submitting a stipulation of dismissal in the form attached hereto as Exhibit B.

5.      No Admission of Liability.

Nothing in this Stipulation shall constitute or be deemed to constitute an admission of fault,

wrongdoing or liability on the part of Defendants. Defendants acknowledge, without conceding,

any infirmity in their defenses, that they are entering into this Stipulation solely in order to settle

this dispute and to avoid the further expense and inconvenience of litigation.     Plaintiff

acknowledges that nothing herein is to be construed as an admission of liability or culpability by

either of the Defendants, and acknowledges further that the remedial steps to be taken herein

constitute a satisfactory resolution of the access claims alleged herein.

6.      Fees and Expenses.

Each of the Parties shall bear their own attorneys' fees and costs incurred in connection

with or related to the Action not otherwise encompassed by the terms of this Stipulation

provided, however, that in the event of breach of this Stipulation, the non-breaching party shall

be entitled to collect any fees or expenses incurred, including reasonable attorneys' fees, by

reason of legal action to enforce this Stipulation, or the separate letter agreement relating to

compensation.

7.      Authority.

Each signatory hereto represents and warrants that he/she has full authority to enter into

this Stipulation on behalf of that Party.  All references to the Defendants herein shall be deemed

4

to include their successors and assigns.

    8.    Governing Law and Jurisdiction.

This Stipulation shall be deemed to be made and entered into in the State of New York, and shall in all respects be interpreted, enforced and governed under the laws of New York. The Parties agree that venue for any litigation brought to enforce this Stipulation shall lie in the United States District Court for the Southern District of New York, or, if that Court refuses to accept jurisdiction, in any court of competent jurisdiction in New York, New York.

    9.    Interpretation.

The language of all parts of this Stipulation shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Settling Parties. This Stipulation has been negotiated by and between the Parties' respective counsel, and shall not be construed against the "drafter" of the Stipulation.

    10.    Modification of Stipulation.

This Stipulation may be amended, revoked, changed, or modified only upon a written agreement executed by the Parties. No waiver of any provision of this Stipulation will be valid unless it is in writing and signed by the party against whom such waiver is charged.

    11.    Entire Agreement.

This Stipulation sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the Parties hereto pertaining to the subject matter hereof.

    12.    Signatures in Counterparts.

5

Consent Stipulation 4/20/16 Execution Copy

This Stipulation can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if the Parties had the same signature page. A facsimile copy, or Adobe PDF, of any party's signature shall be deemed as legally binding as an original signature.

13.    Headings.

The headings of the Sections in this Stipulation have been inserted for convenience or reference only, are not intended to be considered as a part hereof, and shall not modify or restrict any of the terms or provisions hereof.

IN WITNESS WHEREOF, the Parties have hereunder set their hands as of the date set forth below.

Dated: New York, New York
         April    , 2016

ANGELA DAREZZO

27-39 EAST 30 REST CORP.                    NOMAD LAND COMPANY LLC

By:_____                  By:_____

Name:                                        Name:

Title:                                       Title:

So Ordered:

_____
USDCJ

6

Consent Stipulation 4/20/16 Execution Copy

This Stipulation can be executed in any number of counterparts, each of which shall be
taken to be one and the same instrument, for the same effect as if the Parties had the same signature
page. A facsimile copy, or Adobe PDF, of any party's signature shall be deemed as legally binding
as an original signature.

13.    Headings.

The headings of the Sections in this Stipulation have been inserted for convenience or
reference only, are not intended to be considered as a part hereof, and shall not modify or restrict
any of the terms or provisions hereof.

IN WITNESS WHEREOF, the Parties have hereunder set their hands as of the date set
forth below.

Dated: New York, New York
       April   , 2016

_____
ANGELA DAREZZO

27-39 EAST 30 REST CORP.                    NOMAD LAND COMPANY LLC

By: _____              By: _____

Name: DERMOT BURKE                         Name:

Title: OWNER                               Title:

So Ordered:

_____
USDCJ

6

This Stipulation can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if the Parties had the same signature page. A facsimile copy, or Adobe PDF, of any party's signature shall be deemed as legally binding as an original signature.

13. Headings.

The headings of the Sections in this Stipulation have been inserted for convenience or reference only, are not intended to be considered as a part hereof, and shall not modify or restrict any of the terms or provisions hereof.

IN WITNESS WHEREOF, the Parties have hereunder set their hands as of the date set forth below.

Dated: New York, New York
       April   , 2016

                                          ANGELA DAREZZO

27-39 EAST 30 REST CORP.                  NOMAD LAND COMPANY LLC
                                          CURRENTLY KNOWNAS 88-11 17OS+ LLC

By:_____                        By:_____

Name:                                     Name: David Magier

Title:                                    Title: Manager

So Ordered:

_____

USDCJ

6

Consent Stipulation 4/20/16 Execution Copy

## EXHIBIT A

## INDEMNITY AGREEMENT

For value received, 27-39 East 30 Rest Corp d/b/a The Crooked Knife, Dermot Burke and
Patrick McKnight (collectively "Indemnitors") jointly and severally agree to indemnify and save
harmless Nomad Land Company LLC (currently known as to 88-11 170th Street LLC ) and
Stanford Realty Associates, Inc. (collectively "Indemnitees") their parents, subsidiaries and
affiliates, and their current and/or former officers, directors, members, shareholders, employees,
attorneys, trustees, administrators, representatives, successors and assigns, from any claim,
action, liability, loss, damage or suit, arising from the following: litigation stemming from
Angela Darezzo -v- 27-39 East 30 Rest Corp d/b/a Crooked Knife and Nomad Land Company
LLC., Case No. 15-CV-4939 (KBF)

In the event of any asserted claim, the Indemnitees shall provide the Indemnitor reasonably
timely written notice of the same, and thereafter the Indemnitors shall at their own expense
defend protect and save harmless Indemnitees against said claim or any loss or liability
thereunder. Notwithstanding the foregoing, Indemnitees, after conferring with Indemnitors, shall
have the right, at Indemnitees sole option to choose the legal representation which will represent
Indemnitees' interests. Indemnitors will be responsible for and will promptly pay all reasonable
legal fees and expenses in the event of any claim, action, liability, loss, damage or suit, against
Indemnitees arising from the following: litigation--Angela Darezzo -v- 27-39 East 30 Rest Corp
d/b/a Crooked Knife and Nomad Land Company LLC., Case No. 15-CV-4939 (KBF)

Indemnitees shall have full rights to defend, pay or settle said claim on their behalf without
notice to the Indemnitors and with full rights to recourse against the Indemnitors for all fees,
costs, expenses and payments made or agreed to be paid to discharge said claim.

Upon default, the Indemnitors further agree to pay all reasonable attorneys' fees necessary to
enforce this agreement.

This agreement shall be unlimited as to amount or duration.

This agreement shall be binding upon and inure to the benefit of the parties, their successors,
assigns and personal representatives.

Signed this ____ day of MAY . 2016 .

_____          _____
DERMOT BURKE                                      Date

Indemnification - Amended and revised (1)

_____
PATRICK MCKNIGHT                              Date


27-39 EAST 30 REST CORP d/b/a CROOKED KNIFE


By: _____
Name:                                        Date
Title:


NOMAD LAND COMPANY LLC (Currently known as 88-T1 170 Street LLC)


By: _____
Name: David Magier                           Date
Title: Manager


STANFORD REALTY ASSOCIATES, INC.


By: _____
Name: David Magier                           Date
Title: President


Indemnification - Amended and revised (1)



PATRICK McKNIGHT

Date 4/22/16

27-39 EAST 30 REST CORP d/b/a CROOKED KNIFE

By: _____
Name:
Title

CONAD LAND COMPANY LLC

By: _____
Name:
Title

Date

STANFORD REALTY ASSOCIATES INC

EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGELA DAREZZO,

Plaintiff,

Case No. 15CV4939

-against-

**Stipulation of Dismissal**

27-39 EAST 30 REST CORP d/b/a CROOKED KNIFE and
NOMAD LAND COMPANY LLC,

Defendants.

Plaintiff and Defendants, through their undersigned attorneys, hereby stipulate to the voluntary dismissal of the above-captioned action and all cross claims, with prejudice, and without costs, attorneys' fees, expenses or disbursements to any party as against the other, subject to the terms of the Consent Stipulation executed by the parties. The parties hereby stipulate and agree that no party hereto is an infant or incompetent person for whom a committee has been appointed.

Dated: May 11, 2016

The Law Office of Delmas A. Costin, Jr.

Rosengarten & Weiss

By: ___/s/___
Delmas A. Costin, Jr., Esq.
177 E. 161st Street
Bronx, NY 10451
Attorneys for Defendants

By: ___/s/___
Donald J, Weiss, Esq.
747 Third Avenue
New York, NY 10017
Attorneys for Plaintiff

So Ordered:

_____
USDCJ

EXIBIT C

PRIVILEGED & CONFIDENTIAL

ATTORNEY-CLIENT COMMUNICATION & ATTORNEY WORK PRODUCT



**United Spinal Association**

Accessibility Review
The Crooked Knife
29 East 30th Street
New York, NY 10016
Date of Inspections:
12-16-15, 1-19-16

| Allegation Angela Darezzo v. 27-39 East 30 Rest Corp. d/b/a Crooked Knife and Nomad Land Company LLC | United Spinal Association December 16, 2015 Inspection January 19, 2016 Inspection | Proposed Settlement | Applicable Citation 2010 ADA Standards |
|---|---|---|---|
|  | In response to plaintiff's request that a permanent ramp be installed I revisited and re-measured the exterior on January 19, 2016. |  |  |
| I. The 6 inch step at the door creates a route which does not allow the Plaintiff to enter the bar and/or restaurant, as others are invited to do. | A permanent ramp is not required for the following reasons:<br><br>1. It would be *technically infeasible* to install ramp to right of entrance as 8 foot minimum ramp length in addition to 5 foot landing depth at entry door required would have to be installed *over* metal sidewalk access doors | Temporary ramp will be provided to overcome 8 inch elevation difference at front entrance to restaurant | §405, 2010 ADA Standards Appendix to § 36.304(d)(e) *Portable ramps.* |

1

PRIVILEGED & CONFIDENTIAL

ATTORNEY-CLIENT COMMUNICATION & ATTORNEY WORK PRODUCT

| Allegation<br>Angela Darezzo v. 27-39 East 30 Rest Corp. d/b/a Crooked Knife and Nomad Land Company LLC | United Spinal Association<br>December 16, 2015 Inspection<br>January 19, 2016 Inspection | Proposed Settlement | Applicable Citation<br>2010 ADA Standards |
|---|---|---|---|
| | <br><br>§ 36.304(d) (e) *Portable ramps*. Portable ramps should be used to comply with this section only when installation of a permanent ramp is not *readily achievable*. In order to avoid any significant risk to the health or safety of individuals with disabilities or others in using portable ramps, due consideration shall be given to safety features such as nonslip surfaces, railings, anchoring, and strength of materials. | | |
| | 2. If 8 foot minimum ramp length in addition to 5 foot landing depth at entry door required is installed to left of entrance ramp it would eliminate seasonal sidewalk dining. *Readily Achievable Barrier Removal* is not required if result will be loss of selling or serving space | Temporary ramp will be provided to overcome 8 inch elevation difference at front entrance to restaurant | §405, 2010 ADA Standards<br>Appendix to § 36.304(d)(e) *Portable ramps*. |

2

PRIVILEGED & CONFIDENTIAL

ATTORNEY-CLIENT COMMUNICATION & ATTORNEY WORK PRODUCT

| Allegation<br>Angela Darezzo v. 27-39<br>East 30 Rest Corp. d/b/a<br>Crooked Knife and Nomad<br>Land Company LLC | United Spiral Association<br>December 16, 2015 Inspection<br>January 19, 2016 Inspection | Proposed Settlement | Applicable Citation<br>2010 ADA Standards |
|---|---|---|---|
| | § 36.304(d) (f) *Selling or serving space. The rearrangement of* temporary or movable structures, such as furniture, equipment, and display racks is not readily achievable to the extent that it results in a significant loss of selling or serving space. | | |
| | 3. If straight ramp - 8 foot minimum length, 5 foot minimum landing depth is installed at entry door it would impact public right of way (East 30ᵗʰ Street sidewalk). | Temporary ramp will be provided to overcome 8 inch elevation difference at front entrance to restaurant | §405, 2010 ADA Standards<br>Appendix to § 36.304(d)(e) *Portable ramps.* |
| | § 36.304(d)(3)<br>No measure shall be taken, however, that poses a significant risk to the health or safety of individuals with disabilities or others. | | |

3

PRIVILEGED & CONFIDENTIAL

ATTORNEY-CLIENT COMMUNICATION & ATTORNEY WORK PRODUCT

| Allegation<br>Angela Darezzo v. 27-39 East 30 Rest Corp. d/b/a Crooked Knife and Nomad Land Company LLC | United Spinal Association<br>December 16, 2015 Inspection<br>January 19, 2016 Inspection | Proposed Settlement | Applicable Citation<br>2010 ADA Standards |
|---|---|---|---|
| II. A person seated must have room to sit while pulling the outward swinging door open. | | Readily Achievable Barriers will be removed to comply to the maximum extent feasible as permitted and as follows: | §36.304, 2010 ADA Standards |
| III. The door handle on the outside door and on the inside door must be replaced with a lever type which does not require twisting or squeezing. | | | |
| IV. The narrow space between the outside door and vestibule door does not allow space for the Plaintiff to move thru the first door and then pull the inside door open. | | | |
| | | Inaccessible door hardware will be replaced with accessible exterior, interior vestibule doors. | §404.2.7, 2010 ADA Standards |
| | | Inaccessible thresholds will be replaced with accessible thresholds on exterior and interior vestibule doors | §404.3.3, 2010 ADA Standards |
| | | Buzzer/bell will be installed on exterior façade of building (indicating that people with disabilities can Press for Ramp) to overcome 8 inch elevation difference at | |

4

PRIVILEGED & CONFIDENTIAL

ATTORNEY-CLIENT COMMUNICATION & ATTORNEY WORK PRODUCT

| Allegation<br>Angela Darezzo v. 27-39 East 30 Rest Corp. d/b/a Crooked Knife and Nomad Land Company LLC | United Spinal Association<br>December 16, 2015 Inspection<br>January 19, 2016 Inspection | Proposed Settlement | Applicable Citation<br>2010 ADA Standards |
|---|---|---|---|
| | | entry and lack of 18 inch minimum pull-side clearance | |
| V. Proper clear floor space and a clear 36 inch path of travel need to be provided in the bar area. | Inaccurate.<br>An accessible route has been provided between bar, bar stools and proximate tables in bar area.<br> | | |
| VI. Seating has to offer the knee and toe clearance required by the 2010 Standards. | Inaccurate<br>§5.2, 1991 ADA Standards permitted accessible tables proximate to the bar<br>There are 19 total tables<br>Two (2) are accessible complying with applicable accessibility requirements<br>(5% or 1 of the total tables provided are required to be accessible) | | |

5

DRAFT

| Allegation<br>Angela Darezzo v. 27-39 East 30 Rest Corp. d/b/a Crooked Knife and Nomad Land Company LLC | United Spinal Association<br>December 16, 2015 Inspection<br>January 19, 2016 Inspection | Proposed Settlement | Applicable Citation<br>2010 ADA Standards |
|---|---|---|---|
| |  | | |
| (vi) Proper clear floor space and a clear 36 inch path of travel need to be provided in the bar area. | **Inaccurate**<br>An accessible route has been provided between bar, bar stools and proximate tables in bar area<br> | | |
| (vii) 5% of the total seating and standing spaces are required to be accessible and dispersed throughout all dining areas. | **Inaccurate**<br>There are 19 total tables in the dining area.<br>Two (2) are accessible complying with applicable accessibility requirements (5% or 1 of the total tables provided are required to be accessible) | | |

PRIVILEGED & CONFIDENTIAL

ATTORNEY-CLIENT COMMUNICATION & ATTORNEY WORK PRODUCT

| Litigation<br>Angela Darezzo v. 27-39 East 30 Rest Corp. d/b/a Crooked Knife and Nomad Land Company LLC | United Spinal Association<br>December 16, 2015 Inspection<br>January 19, 2016 Inspection | Proposed Settlement | Applicable Citation<br>2010 ADA Standards |
|---|---|---|---|
| (viii) Each "different" area is required to have seating available for the disabled. | | One (1) long table that already provides accessible height will be modified to provide toe clearance proximate to bar | |
| (ix)As our client likes to meet groups of friends in this area and often it is a "party", there should be the same options to gather together and eat and drink as other groups are provided. | Inaccurate<br>See responses to vii, viii above | | |
| **Toilet Rooms** | | | |
| (x)There is no toilet available which has the necessary turning space and clear floor space. | | As water closets and lavatories were replaced in both Men's & Women's toilet rooms, these fixtures will comply with the 2010 ADA Standards | §604.6, 2010 ADA Standards<br>§604.4.5, 2010 ADA Standards<br>§606, 2010 ADA Standards |
| (xi)Either an accessible uni-sex room or one men's and one women's bathroom will need to be provided.<br>(xii)The door to the accessible stall must be over | | | |

PRIVILEGED & CONFIDENTIAL

ATTORNEY-CLIENT COMMUNICATION & ATTORNEY WORK PRODUCT

| Allegation<br>Angela Darezzo v. 27-39<br>East 30 Rest Corp. d/b/a<br>Crooked Knife and Nomad<br>Land Company LLC | United Spinal Association<br>December 16, 2015 Inspection<br>January 19, 2016 Inspection | Proposed Settlement | Applicable Citation<br>2010 ADA Standards |
|---|---|---|---|
| 32 inches wide and not obstruct Plaintiff from closing the door once she enters the stall | | | |
| | | In addition to replacing water closets and lavatories, *Readily Achievable* Barriers will be modified to comply to the *maximum extent feasible* as permitted and as follows: | §36.304, 2010 ADA Standards |
| | | Accessible thresholds will be provided in both Men's, Women's toilet rooms. | §404.3.3, 2010 ADA Standards |
| | | Accessible door hardware will be proved in both Men's, Women's toilet rooms. | §604.8.1.2, 2010 ADA Standards |
| | | Mirrors will be lowered to provide 40 inch maximum reflecting surface or wall-hung mirror will be provided in both Men's, Women's toilet rooms | §603.3, 2010 ADA Standards |
| | | Operable part of paper towel dispensers will be provided within accessible reach ranges in both Men's, Women's toilet rooms | §309, 2010 ADA Standards |
| | | Operable part of soap dispensers will be provided within accessible reach ranges in both Men's, Women's toilet rooms | §309, 2010 ADA Standards |
| | | Width of compartment doors will be modified to provide 32 inch minimum clear width | §604.8.1.2, 2010 ADA Standards |
| | | Grab bars will be installed to comply to the *maximum extent feasible* around water closets in toilet compartments in both Men's Women's toilet rooms | §607.4, 2010 ADA Standards |